## James L. Farmer *vs.* Kiah B. Sewall.[*]

The words, " we waive all notice on the promiser and indorsers, and guaranty the payment at all events," written by the indorser of a note over his name, are a waiver of both demand and notice.

The sale of a negotiable note, free from usury when made, at a greater discount than legal interest, is not conclusive evidence of usury, although the party making the sale is unconditionally liable by his indorsement.

Exceptions from the Court of Common Pleas, Whitman C. J. presiding.

This action was brought against the defendant, as indorser of the same note, of which a copy is found in the case, same plaintiff v. *Rand*, 14 *Maine R.* 225. The plaintiff proved, that the waiver of notice, written upon the back of the note and above the signatures of all the indorsers, in the following words, " we waive all notice on the promiser and indorsers, and guaranty the payment at all events," was written by the defendant. The Judge ruled, that such waiver so written, dispensed with the necessity of proof on the part of the plaintiff of a demand upon the maker of the note at the time and place fixed for payment. The defendant then showed that the note in question was discounted or purchased

[*] Shepley J. was employed in the trial of criminal causes, when the argument was had, and took no part in the decision of the case.

by the plaintiff of the defendant at a rate of discount not less than eighteen per cent. per annum, and thereupon moved the Court to instruct the jury, that if they were satisfied that the note in question was discounted or purchased by the plaintiff of the defendant at a greater rate of discount than six per cent. per annum, and that the plaintiff at the time of the discount or purchase took the indorsement and guaranty of the defendant upon the back of the note, then the contract was usurious, and the plaintiff could not be entitled to recover the excess over and above the legal rate of discount, but such excess should be deducted from the amount due upon the face of the note. The Judge declined to give the instruction, and instructed the jury that if from the evidence they were satisfied the rate of discount was influenced by the consideration of doubts as to the solvency or ability of those whose names were on the note, the fact that the plaintiff took the indorsement and guaranty of the defendant upon the back of the note, would not be conclusive that the transaction was usurious. The verdict was for the plaintiff for the full amount of the note and interest. The defendant excepted to the ruling and instruction of the Judge.

*Rand,* for the defendant, argued, that as the plaintiff took the absolute liability of the person who sold the note at a discount, as well as the others, that the transaction was usurious. The holder of a note may sell it at a discount, without the contract being usurious, if he does not make himself liable. But it would be strange that the contract should be usurious, if the plaintiff took eighteen per cent. discount on the plaintiff's own note, and not be usurious, when he took the same interest and the unconditional security of the defendant and several others. *Churchill* v. *Suter*, 4 *Mass. R.* 156; *Van Schaack* v. *Stafford*, 12 *Pick.* 565; *Simpson* v. *Warren*, 15 *Mass. R.* 460; 15 *Johns. R.* 44; *Warren* v. *Crabtree*, 1 *Greenl.* 167; *stat.* 1834, *c.* 122; *Lowell* v. *Johnson*, 14 *Maine R.* 240. Whether this was a waiver of both demand and notice, depends upon the meaning of the words.

*D.* and *W. Goodenow* argued for the plaintiff, and contended, that there was a waiver of demand and notice: on the other point, that the amount of the instruction was this. That if the note was made for the purpose of being sold to the plaintiff at a

Bean *v.* Burbank.

discount, and was a mere cover for an usurious loan, then the contract would be usurious. But if the note was fair in its inception, and taken in the usual course of business, the sale at a discount would not render the transaction usurious, even although all the parties to it were held liable. And such is the law.

The opinion of the Court was prepared by

WESTON C. J. — The question, presented in this case, has been settled by this Court in the case of *French & al.* v. *Grindle*, 15 *Maine R.* 163. It must be assumed, that the note, in the hands of the defendant, was available before he indorsed it to the plaintiff, as it does not appear to have been made for the accommodation of the defendant, or to have become operative and binding for the first time, upon his indorsement. It was not therefore, according to the case cited, an usurious transaction.

The Judge was requested to instruct the jury, that the negotiation of the note was usurious, and that as a consequence, the excess beyond legal interest was not recoverable. This consequence resulted in pursuance of the *stat.* of 1834, *c.* 122; and if the ground assumed had been warranted by law, the plaintiff by the same statute, could not have recovered costs, but was liable to pay them. The Judge was right in withholding the instructions required. Whether the defendant was entitled to any deduction upon any other ground, distinct from the charge of usury, was not a question raised at the trial, or one upon which the Court was moved to give any instruction.

*Exceptions overruled.*